1  BENNIE FREEMAN
   120 CARAVAGGIO CIR
2  SACRAMENTO, CA 95835
3  916.833.4724



**FILED**

DEC 0 3 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                 DEPUTY CLERK

4
                UNITED STATES DISTRICT COURT FOR
5
              THE EASTERN DISTRICT OF CALIFORNIA
6
7  BENNIE FREEMAN,                    )  Case No.: 2:19 - CV 2418   KJM CKD PS
                                      )
8        Plaintiff,                   )  COMPLAINT FOR VIOLATION OF TITLE
                                      )  VII OF THE CIVIL RIGHTS ACT OF 1964
9     vs.                             )
                                      )
10 COUNTY OF SACRAMENTO,              )  VIOLATION OF 72 U.S.C. §§ 2000E ET
                                      )  SEQ. ("TITLE VII")
11 DEPARTMENT HUMAN ASSISTANCE        )
                                      )  VIOLATION OF THE FAIR
12 AND DOES 1 -100        Defendant(s)   EMPLOYMENT AND HOUSING ACT
13
                                         VIOLATION OF DISCRIMINATION
14                                       (FEHA)

15  The Plaintiff wishes to point out to the United States District Court for the Eastern District of

16  California that he is NOT an individual schooled in the law, but as an individual exercising his

17  rights under law for the proper action of the Court from misrepresentative actions on the part of

18  the Defendant. As such, the Plaintiff asks the Eastern District to take judicial notice (Rule 201 of

19  the Federal Rules of Evidence and California Rules of Evidence) of the enunciation of principles

20  stated in King v. Knoll (No. 04-04149-JAR), Whitney v. State of New Mexico (113 F.3d 1170),

21  and Haines v. Kerner (404 U.S. 519), wherein the courts are directed that those who are

22  unschooled in law making complaints/pleadings shall have the court look to substance of the

23  complaint/pleadings rather than the form and hereby makes the following pleadings/notices in

24  the above referenced matter WITHOUT waiver of any rights, claims or defenses.

25

26

1

2

3   SUMMARY OF CASE

4      1.  Plaintiff brings this action alleging violations of Title VII of the Civil Rights Act

5   of 1964, 72 U.S.C. § 2000e et seq. ("Title VII"); and The Fair Employment and Housing Act

6   (known as "FEHA"), to challenge County of Sacramento Department of Human Assistance's

7   (Hereinafter "DHA") continuing actions, pattern and practice of racial discrimination against

8   African American Employees with respect to promotions, and other terms and conditions of

9   employment.

10     2.  The DHA has implemented these actions and practices despite knowing that they have a

11          longstanding disparate impacting African Americans employees and retaliates against

12          those who complain about this discrimination including the Plaintiff an African American

13          male.

14     3.  The Department Human Assistance is a County agency that that provide services for

15          Sacramento county residences.

16     4.  3. As a result of DHA's actions, patterns, and practices, African Americans employees

17          receive are promoted less frequently than their non- African Americans counterparts.

18          DHA's policies and practices systematically violate African Americans rights including

19          Plaintiff.

20     5.  The disadvantage to African Americans employees in promotion is not isolated or

21          exceptional, but rather the regular and predictable result of DHA's policies and practices

22          and lack of proper accountability measures to ensure fairness.

23     6.  Plaintiff brings this complaint in order to end DHA discriminatory actions and practices.

24   The parties

25          The PLAINTIFF

26

7. Plaintiff Bennie Freeman has 15 years of experience working as a Human Service Specialist at the DHA. Plaintiff Bennie Freeman (hereinafter "Plaintiff") has a Bachelor's Degree in Sociology and has Tested and Ranked 1 for a supervisor position. Plaintiff tested a Second time and also Ranked 1 for the Social Worker position. Plaintiff Applied through DHA testing methodology supplemental questionnaire for a program planner.

8. DHA Program Planner denied position based on lack of qualifications. Common theme among African Americans employees seeking promotions DHA hiring policies and practices are disproportionate against African Americans employees who are held in entry level positions for substantial amount of years and are often denied on the bases of "lack of qualifications" for non-entry level position or promotions.

9. African Americans employees, including Plaintiff, are very limited in promoting to non-entry level positions. If promoted African Americans employees including Plaintiff is given Human Service Specialists positions, Supervisors, Social Workers and out station positions as Human Service Specialist, a lateral transfer out of 2,000k plus positions employees within DHA.

The DEFENDANT

10. The Sacramento County Department of Human Assistance states that it brings together more than 2,000 skilled and dedicated employees each day to plan, implement and oversee a spectrum of programs and services designed to move people from public assistance to independence. DHA's mission of fostering self-sufficiency among those it serves touches every facet of daily life, from employment, housing and health care to transportation, education and child care

The JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

12. This Court has jurisdiction over California the Fair Employment and Housing Act (known as "FEHA") 13. In addition, this Court has supplemental jurisdiction over FEHA claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because DHA maintains offices in this district, services the public in this district, and omissions giving rise to the claims alleged herein occurred in this district, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

14. The Eastern District of California has personal jurisdiction over DHA because it maintains its offices in this District, and services the people of Sacramento which is within the Courts district. This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because matter arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

15. This Court has jurisdiction over the California Laws against Discrimination claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

16. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to Title VII claims. Plaintiff filed a charge of discrimination and retaliation individually and on behalf of himself with the Equal Employment Opportunity Commission ("EEOC"), the EEOC issued a Notice of Right to Sue. This complaint is made within ninety days of the Notice of Right to Sue.

CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
Intentional Discrimination
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

Plaintiff incorporates the preceding paragraphs as alleged above.

17. This claim is brought by Plaintiffs on behalf of themselves and the Class they seek to represent. Plaintiffs has filed a timely charge with the Equal Employment Opportunity Commission EEOC (hereinafter "EEOC") and has thus exhausted his administrative remedies.

18. DHA has engaged in an intentional and systematic actions, pattern, and/or practice of discrimination against its African Americans employees, including Plaintiff.

19. DHA has intentionally discriminated against Plaintiff in violation of Title VII by, among other things:

a. Failing to promotion based on Race.

b. Failing to take reasonable and adequate steps to prevent and correct discrimination actions

20. These agency-wide actions are intended to and do have the effect of:

a. Denying African Americans including Plaintiff opportunities because of race;

b. Failing to promote them because of their race;

21. The discriminatory acts that constitute DHA's actions and/or practice of discrimination have occurred both within and outside the liability period in this case.

22. As a direct result of DHA's discriminatory actions and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

23. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

24. Plaintiff requests relief as hereinafter described.

SECOND CLAIM FOR RELIEF
Disparate Impact Discrimination
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

Plaintiff incorporates the preceding paragraphs as alleged above.

25. This claim is brought by Plaintiff to end DHA discrimination practices against African Americans including Plaintiff. Plaintiff has timely filed a complaint with the EEOC and has thus exhausted all other administrative remedies before bringing suit with the Court.

26. DHA's actions have an adverse impact on African Americans employees including Plaintiff in violation of Title VII and are not, and cannot be, justified.

27. DHA has maintained these discriminatory actions, patterns, and/or practices both within and outside the liability period in this case.

28. As a direct result of DHA's discriminatory actions and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits of promotion.

29. The foregoing actions, patterns, and/or practices have an unlawful disparate impact on African Americans employees including Plaintiff in violation of 42 U.S.C. §§ 2000e et seq.

30. Plaintiff requests relief as hereinafter described.

THIRD CLAIM FOR RELIEF
Intentional Discrimination
(In violation of the FEHA)

Plaintiff incorporates the preceding paragraphs as alleged above.

31. This claim is brought by Plaintiff to end the actions and practices of DHA

32. DHA has engaged in an intentional, agency-wide, and systematic actions, pattern, and/or practice of discrimination against its African Americans employees including Plaintiff. DHA has intentionally discriminated against Plaintiff in violation of the FEHA Discrimination by, among other things:

    a. failing to  promote African Americans employees including Plaintiff; and

    b. Failing to take reasonable and adequate steps to prevent and correct the discrimination actions and/or practices against African Americans employees including Plaintiff.

33. These actions are intended to and do have the effect of:
    a. Denying African Americans employees including Plaintiff opportunities because Race;

    b. Failing to promote African Americans employees including Plaintiff them because of Race;

34. The discriminatory acts that constitute DHA's actions, pattern and/or practice of discrimination have occurred both within and outside the liability period in this case and the discriminatory actions, patterns, and practices have had a discriminatory impact on the African Americans employees including Plaintiff.

35. As a direct result of DHA's discriminatory actions and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

36. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the FEHA

37. Plaintiff requests relief as hereinafter described.

FOURTH CLAIM FOR RELIEF
Disparate Impact Discrimination (FEHA.)

Plaintiff incorporates the preceding paragraphs as alleged above.

38. This claim is brought by Plaintiff to end the discrimination actions by DHA.

39. DHA's use of discrimination actions and practices to deny African Americans employees including Plaintiff promotions, have an adverse impact on African Americans

employees including Plaintiff is in violation of the FEHA laws Against Discrimination and are not, and cannot be, justified.

40. DHA has maintained these discriminatory actions, patterns, and/or practices both within and outside the liability period in this case. The discriminatory actions, patterns, and practices have had a discriminatory impact on the African Americans employees including Plaintiff of DHA.

41. As a direct result of DHA's discriminatory actions and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

42. The foregoing actions, patterns, and/or practices have an unlawful disparate impact on African Americans employees including Plaintiff in violation of FEHA laws.

43. Plaintiff requests relief as hereinafter described.

FIFTH CLAIM FOR RELIEF Retaliation
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

Plaintiff incorporates the preceding paragraphs as alleged above.

44. This claim is brought by Plaintiff individually. Plaintiff has timely filed a complaint with the EEOC alleging retaliation claims and has thus exhausted his administrative remedies.

45. Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of DHA's discriminatory policies and practices.

46. DHA took adverse actions against Plaintiff with the purpose of retaliating against him because of his participation in protected activities, and Plaintiff suffered damages as a result of that conduct.

47. Plaintiff requests relief as hereinafter described.

SIXTH CLAIM FOR RELIEF Retaliation
(FEHA Law Against Discrimination,)

Plaintiff incorporates the preceding paragraphs as alleged above.

48. This claim is brought by Plaintiff to end DHA discrimination actions.

49. Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of DHA's discriminatory policies and practices.

50. DHA took adverse actions against Plaintiff with the purpose of retaliating against him because of his participation in protected activities during the liability period and Plaintiff suffered damages as a result of that conduct.

51. Plaintiff requests relief as hereinafter described.

Seventh CLAIM FOR RELIEF HARASSMENT
(FEHA Law Against Harassment,)

Plaintiff incorporates the preceding paragraphs as alleged above.

This claim is brought by Plaintiff to end DHA discrimination actions.

52. Plaintiff engaged in protected activities, including making internal complaints of unlawful Harassment and filing charges with the EEOC complaining of DHA's Harassing policies and practices.

50. DHA took adverse actions against Plaintiff with the purpose of retaliating against him because of his participation in protected activities during the liability period and Plaintiff suffered damages as a result of that conduct.

PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff and the Class pray for relief as follows:

    a.  . A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 2000e, et seq.; and the California Fair Employment and Housing Act;

    b.  A preliminary and permanent injunction against Department of Human Assistance and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff because of his race or participation in this lawsuit;

    c.  An order that DHA institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of race, and

that it eradicate the effects of their past and present unlawful discrimination practices;

d. An order requiring DHA to develop and institute accurate and validated standards for evaluating performance, determining pay, and making promotion decisions;

e. An order appointing a monitor to ensure that DHA complies with the injunction provisions of any decree that the Court orders;

f. An order retaining jurisdiction over this action to ensure that DHA complies with such a decree;

g. All damages sustained as a result of DHA's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

h. Exemplary and punitive damages in an amount commensurate with DHA's to deter future conduct;

i. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands A trial by jury in this action.

DATED: 12/3/2019                    Respectfully submitted,

All Rights Reserved

By: Bennie Freen

Signature: Plaintiff Bennie Freeman, lawful man