UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, DEPARTMENT OF HUMAN ASSISTANCE, et al.<br><br>Defendants. | No. 2:19-cv-02418-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING IFP REQUEST AND SETTING PAYMENT SCHEDULE |

This matter was referred to the undersigned under Local Rule 302(c)(21). Pending before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). (ECF No. 2.)

On December 3, 2019, plaintiff, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1–2.)

At present, the filing fee to commence a civil case in this court is $400.00. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's financial declaration indicates he has a combined monthly income of $5,984.00. (ECF No. 2 at 1.) According to the United States Department of Health and Human Services, the

1

poverty guideline for a household of 4 persons (not in Alaska or Hawaii) is $21,330.00 for 2019. See https://aspe.hhs.gov/poverty-guidelines. Thus, plaintiff's annual gross household income of $71,808.00 is over 330% of the 2019 poverty guideline. Additionally, although plaintiff is still making mortgage payments, he and his spouse are the owners of a home with an approximate value of $370,000.00; and two cars worth $19,000.00. (ECF No. 2 at 3.) As a result, the court finds that plaintiff does not qualify for a waiver of the $400.00 filing fee.

Nevertheless, the court is also cognizant that plaintiff has relatively little in the way of post-expenses income, and that a one-time $400 payment may represent a significant strain on his monthly budget. Plaintiff claims regular combined monthly expenses of $6,691.00. (ECF No. 2 at 4–5.) Plaintiff also states he and his spouse provide support for two children, expenses for which vary from month to month. (Id. at 5.) Thus, after plaintiff's listed expenses are deducted from his net income, he does not have any remaining expendable income.

To be sure, the court is sympathetic to the fact that plaintiff does not appear to have a large income and plaintiff also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties alone, however, do not amount to indigency.

Therefore, the court finds it appropriate to instead recommend requiring monthly payments of $50.00 until the $400.00 filing fee is paid in full on the schedule outlined below. The court with further recommend that once plaintiff's first payment is made, the court shall direct service of the complaint on the named defendant.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff be directed to pay the filing fee of $400.00 on an installment schedule, with $50.00 payments to the Clerk of Court due on the following deadlines:

    February 1, 2020

    March 1, 2020

        April 1, 2020

        May 1, 2020

        June 1, 2020

        July 1, 2020

        August 1, 2020

        September 1, 2020

    3. Once the first installment payment is made, the court shall direct service of the complaint on the named defendant; and

    4. Plaintiff be informed that a failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2019

                                                              */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 freeman2418.f&r.deny.ifp