UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE FREEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE, et. al.,<br><br>　　　　Defendants. | No.  2:19-cv-02418-KJM-CKD PS<br><br><br><br>ORDER |

Before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  Plaintiff filed an opposition, (ECF No. 13), and defendant filed a reply.  (ECF No. 14.)  Upon review of the documents in support and opposition, the court finds as follows:

**BACKGROUND**

Plaintiff Bennie Freeman asserts seven causes of action against the County of Sacramento Department of Human Assistance ("County") alleging racial discrimination and harassment under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act ("FEHA").  The complaint's factual allegations are sparse, but plaintiff generally alleges that during his fifteen-year tenure working for the County, he has repeatedly been denied promotional positions because he is African American.  (ECF No. 1.)  Defendant asks this court to dismiss the

complaint in its entirety under Rule 12(b)(6) because (1) plaintiff improperly attempts to assert a class action; (2) plaintiff has not sufficiently alleged that he exhausted his administrative remedies before filing suit; and (3) plaintiff's factual allegations fail to state a claim upon which relief can be granted.  (ECF No. 12.)

**LEGAL STANDARD**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

**ANALYSIS**

**1.    Plaintiff's class claims should be dismissed.**

With respect to plaintiff's disparate treatment claim under Title VII, plaintiff appears to be attempting to assert a class action by alleging that "[t]his claim is brought by plaintiffs on behalf of themselves and the class they seek to represent."  (ECF No. 1 ¶ 17.)  Plaintiff has made no motion pursuant to Federal Rule of Civil Procedure 23 asking the court to certify this case as a class action.  In addition, plaintiff is a non-lawyer proceeding without counsel and admits that he "is not an individual schooled in the law."  (ECF No. 1 at 1.)  It is well established that a

layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).  Although a plaintiff "may appear in propria persona in his own behalf, that privilege is personal to him."  Id. (citing 28 U.S.C. § 1654).  "He has no authority to appear as an attorney for others than himself."  Id.; see Hallford v. California Corr. Peace Officers Ass'n, No. CIVS061081, 2007 WL 3046047, at *5 (E.D. Cal. Oct. 18, 2007).  To the extent plaintiff is attempting to assert a disparate treatment claim on behalf of class members, plaintiff's claim should be dismissed.

**2.    Plaintiff has sufficiently alleged that he exhausted his administrative remedies under Title VII and the FEHA.**

Title VII and the FEHA require a plaintiff to exhaust his administrative remedies before filing suit.  Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)); Yurick v. Superior Court, 209 Cal. App. 3d 1116, 1121 (1989) (citing Cal. Gov't Code § 12960(d)).  A plaintiff exhausts his administrative remedies by timely filing a charge with the EEOC or the DFEH, thereby affording the agency an opportunity to investigate the charge.  See Fort Bend Cty., Tex. v. Davis, 139 S. Ct. 1843, 1851 (2019) (citing 42 U.S.C §§ 2000e-5(b), (e)(1)).  The EEOC and the DFEH have entered into a work-sharing agreement, such that a plaintiff who exhausts his administrative remedies under Title VII also exhausts his remedies under the FEHA.  McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 935 (E.D. Cal. 2011).  A plaintiff must allege compliance with the exhaustion requirement in order to state a claim on which relief may be granted.  See Cloud v. Brennan, No. 19-CV-04638, 2020 WL 533003, at *7 (N.D. Cal. Feb. 3, 2020).

Defendant argues that plaintiff has not properly alleged compliance with the exhaustion requirements.  Since plaintiff does not attach a copy of the administrative charge to his complaint, defendant argues that he must specifically plead the date he filed his charge and the dates of the alleged discriminatory acts.  Otherwise, defendant says, it is "impossible" to determine whether plaintiff properly exhausted his remedies and timely complained to the EEOC.  (ECF No. 12 at 5.)

/////

Although it would be helpful to know the timeline of events and the contents of the EEOC charge, plaintiff's exhaustion allegations are sufficient. The complaint alleges that plaintiff "has exhausted his administrative remedies and complied with all statutory prerequisites to Title VII claims." (ECF No. 1 ¶ 16.) It further alleges that he "filed a charge of discrimination and retaliation individually and on behalf of himself with the [EEOC and] the EEOC issued a Notice of Right to Sue." (ECF No. 1 ¶ 16.) These allegations are enough to survive a motion to dismiss under Rule 12(b)(6). See U.S. E.E.O.C. v. Farmers Ins. Co., 24 F. Supp. 3d 956, 965 (E.D. Cal. 2014) (Plaintiff sufficiently alleged exhaustion of administrative remedies by pleading that "all conditions precedent to the institution of this [Title VII] lawsuit have been fulfilled."); see also Okeke v. Biomat USA, Inc., 927 F. Supp. 2d 1021, 1025 (D. Nev. 2013) (Plaintiff's allegations that he "filed his Charges of Discrimination with the EEOC and received a copy of his Right to Sue notice" were sufficient). Accordingly, plaintiff has sufficiently alleged exhaustion under Title VII and the FEHA.[1]

**3.  Plaintiff has not alleged sufficient facts to support his Title VII and FEHA claims.**

In addition, defendant argues that plaintiff fails to allege sufficient factual information to state plausible claims for relief under Title VII and the FEHA. (ECF No. 12 at 5-6.) To state a plausible claim for relief under Title VII and the FEHA, a plaintiff need not plead each element of a prima facie discrimination case. Swierkiewicz v. Sorema N.A., 534 U.S. 505, 514–15 (2002); see also Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1050 n. 2 (9th Cir. 2012) (citing Swierkiewicz favorably after Iqbal and Twombly). Nevertheless, courts look to the prima facie elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Sheppard, 964 F.3d at 1050 n. 2; Achal

---

[1] If defendant wishes to challenge the merits of plaintiff's exhaustion allegations, it may do so by presenting evidence and requesting summary judgment. See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1046 n. 7 (9th Cir. 2009) (noting that the failure to exhaust administrative remedies under Title VII is "an affirmative defense, so the defendant bears the burden of pleading and proving it"). But when deciding a motion to dismiss under Rule 12(b)(6), the court may only evaluate the sufficiency of plaintiff's allegations, not their truthfulness.

v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).  As discussed below, the court finds that plaintiff's factual allegations are deficient with respect to each of his claims.

        a.        <u>Disparate Treatment under Title VII and the FEHA</u>

In counts 1 and 3, plaintiff asserts claims for disparate treatment under Title VII and the FEHA.  Disparate treatment occurs when an employer intentionally treats an employee less favorably than other employees due to a protected characteristic.  <u>Wood v. City of San Diego</u>, 678 F.3d 1075, 1081 (9th Cir. 2012).  To state a prima facie case of disparate treatment under Title VII and the FEHA, a plaintiff must allege that (1) he was a member of a protected class; (2) he was qualified for the position sought or was performing competently in the position she held; (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) similarly situated employees not in his protected class received more favorable treatment.  <u>Moran v. Selig</u>, 447 F.3d 748, 753 (9th Cir. 2006); <u>Guz v. Bechtel Nat. Inc.</u>, 24 Cal. 4th 317, 355, 8 P.3d 1089, 1113 (2000).

Here, plaintiff does not sufficiently allege that he was qualified for the promotional positions sought.  Plaintiff alleges that (1) he possesses a bachelor's degree in Sociology; (2) he has fifteen years' experience working for the County as a Human Services Specialist; and (3) he "tested and ranked 1" for a supervisor and social worker position.  (ECF No. 1 ¶ 7.)  But he does not allege that he applied for a supervisor or social worker position.  Instead, he alleges that he applied for a "program planner" position, without specifying his test results for that position.  The court cannot reasonably infer that plaintiff was qualified for the positions sought without knowing additional facts, such as the titles of the positions and their prerequisites.

Similarly, plaintiff does not sufficiently allege that similarly situated individuals outside of his protected class were treated more favorably.  <u>Smith v. W.W. Grainger, Inc.</u>, No. ED-CV-181405, 2019 WL 1670942, at *3 (C.D. Cal. Feb. 5, 2019).  Although plaintiff alleges that he was denied promotions "because of race" and that African-American employees are "promoted less frequently than their non-African American counterparts," (ECF No. 1 ¶¶ 4, 20), the complaint says nothing about the non-African American counterparts being "similarly situated."  For example, plaintiff does not allege that these other individuals applied for the same positions as

him, that they applied around the same time, or that they shared similar qualifications. Smith v. W.W. Grainger, Inc., No. ED-CV-181405, 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019) (holding that plaintiff failed to state a discrimination claim because he did not allege the timing of the denied promotions or identify the positions that his similarly situated counterparts held or sought). Accordingly, the complaint fails to state a plausible claim for disparate treatment under Title VII or the FEHA.

  b. Disparate Impact under Title VII and the FEHA

  In counts 2 and 4, plaintiff asserts claims for disparate impact under Title VII and the FEHA. Disparate impact occurs "when employment practices that are facially neutral in their treatment of different groups fall more harshly on one group than another." Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1050 n. 1 (9th Cir. 2012). To establish a prima facie case of disparate impact, a plaintiff must "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1190 (9th Cir, 2002); Lee v. Hertz Corp., 330 F.R.D. 557, 561 (N.D. Cal. 2019); Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000) (declaring that Title VII and the FEHA follow the same test).

  Although plaintiff alleges that defendant's "actions and practices" have "an unlawful disparate impact on African American employees," (ECF No. 1 ¶¶ 39, 42), he neither identifies the specific employment practice that he is challenging, nor shows a causal relationship between the facially neutral practice and the significant disparate impact on African American employees. Thus, the complaint fails to state a plausible claim for disparate impact discrimination.

  c. Retaliation under Title VII and the FEHA

  In counts 5 and 6, plaintiff asserts claims for unlawful retaliation under Title VII and the FEHA. Title VII's antiretaliation provision forbids an employer from discriminating against employees because they have opposed an allegedly unlawful employment practice. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59 (2006) (citing 42 U.S.C. ¶ 2000e–3). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a

1 protected activity; (2) her employer subjected her to an adverse employment action; and (3) a
2 causal link exists between the protected activity and the adverse action. Ray v. Henderson, 217
3 F.3d 1234, 1240 (9th Cir.2000). The elements of a retaliation claim under FEHA are
4 substantially the same. See Mamou v. Trendwest Resorts, Inc., 165 Cal. App. 4th 686, 713, 81
5 Cal. Rptr. 3d 406, 428 (2008).

6       Here, plaintiff alleges that he engaged in protected activities by "making internal
7 complaints of unlawful discrimination and filing charges with the EEOC complaining of
8 [defendant's] discriminatory policies and practices." (ECF No. 1 ¶ 45.) While filing a charge
9 with the EEOC can be a protected activity, plaintiff's vague allegations that he made internal
10 complaints are not enough. To rely on his internal complaints as a protected activity, plaintiff
11 must allege facts, such as when he complained, to whom he complained, and the contents of his
12 complaints. See Smith v. W.W. Grainger, Inc., No. ED-CV-181405, 2019 WL 1670942, at *4
13 (C.D. Cal. Feb. 5, 2019) ("[Plaintiff's] conclusory assertion that he complained about the
14 discrimination both internally and externally" was insufficient absent "information concerning
15 when he complained or the content of his complaints.").

16       Similarly, although plaintiff alleges that he suffered an adverse employment action by
17 being denied promotions, he does not allege a causal link between his protected activity and the
18 adverse action. The complaint provides no reasonable basis to infer that defendant refused to
19 promote plaintiff because he complained of discrimination or filed a charge with the EEOC. The
20 complaint provides neither the date plaintiff filed his administrative charge nor the date he was
21 denied a promotion. If he filed the charge after being denied the promotion, then filing the charge
22 could not have been a reason he was denied the promotion. Thus, the complaint fails to state a
23 plausible retaliation claim.

24       d.     <u>Harassment under the FEHA</u>

25       Lastly, in count 7, plaintiff asserts a claim for harassment under the FEHA. The FEHA
26 prohibits harassment of an employee. Cal. Gov't Code § 12940(j)(1). To establish a harassment
27 claim, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was
28 subjected to harassment because he belonged to this group; and (3) the alleged harassment was so

7

severe that it created a hostile work environment.  Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing Aguilar v. Avis Rent A Car Sys., Inc., 21 Cal. 4th 121, 87 Cal. Rptr. 2d 132, 980 P.2d 846, 851 (1999)).  The plaintiff must show a "concerted pattern of harassment of a repeated, routine or a generalized nature."  Id.  Unlike discrimination claims, harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." Id. (citing Reno v. Baird, 18 Cal. 4th 640, 76 Cal. Rptr. 2d 499, 957 P.2d 1333, 1337 (1998)).  For example, "commonly necessary personnel management actions such as . . . promotion or demotion . . . do not come within the meaning of harassment."  Id. (citing Reno, 76 Cal. Rptr. 2d 499, 957 P.2d at 1336).

      Aside from alleging that he is a member of a protected class, plaintiff has not properly pleaded a harassment claim.  Plaintiff does not identify any conduct that could constitute "harassment" within the meaning of the FEHA, let alone "severe" harassment.  Id.  Plaintiff alleges that he was relocated and denied promotions, but these are personnel management actions that cannot constitute "harassment."  Id.  And even if they could, plaintiff has not alleged facts to show that these actions were part of a "concerted pattern" and were repeated and routine.  Consequently, the complaint fails to state a claim for harassment under the FEHA.

**4.     Plaintiff should be granted leave to amend his complaint.**

      If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Here, plaintiff may be able to cure the deficiencies in the complaint by alleging additional facts. Thus, plaintiff's claims should be dismissed without prejudice and with leave to amend.

      Should plaintiff choose to file an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

8

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 12) is GRANTED.
2. Plaintiff's complaint is DISMISSED with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 19, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.2418.mtd