KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA  95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff BENNIE FREEMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE FREEMAN, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SACRAMENTO DEPT. OF HUMAN ASSISTANCE,<br><br>            Defendant. | Case No.: 2:19-cv-02418-KJM-CKD<br><br>**SECOND AMENDED COMPLAINT**<br><br>**1. Title VII – Disparate Treatment**<br>**2. FEHA – Disparate Treatment**<br>**3. FEHA – Failure to Prevent Race Based Discrimination** |

## INTRODUCTION

1.      This case arises out of the COUNTY OF SACRAMENTO'S, by and through high ranking and managerial staff, failure to hire Plaintiff because of race, ethnicity and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing act ("FEHA").

## JURISDICTION

2.      This action arises under federal statute, 42 U.S.C. § 2000e et. seq. Plaintiff, BENNIE FREEMAN is a resident of Sacramento County, California. Plaintiff was employed by the County of Sacramento and worked and applied for positions within Sacramento County. The alleged discriminatory conduct and practices occurred by County of Sacramento officials who also worked in Sacramento County. Pursuant to 28 U.S.C. § 1367, this Court has supplemental

jurisdiction of all other state causes of actions that are pleaded in this action.

**VENUE**

3. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District. The alleged discriminatory conduct took place in Sacramento County, California. Additionally, the Defendant-officials are employed by the County of Sacramento, whose principal place of business is located in the County of Sacramento.

**PARTIES**

4. Plaintiff BENNIE FREEMAN (hereinafter "FREEMAN"), a Black man, resides in Sacramento, California and is currently employed by Defendant.

5. Defendant COUNTY OF SACRAMENTO (hereinafter "COUNTY"), is a lawfully incorporated municipality organized under the laws of California. It has set up the Department of Human Assistance (hereinafter "DHA") with high ranking and managerial level officials working for the COUNTY who are responsible for hiring, promoting and terminating DHA employees.

**PROCEDURAL MATTERS**

6. FREEMAN has exhausted his administrative remedies and complied with all statutory prerequisites to bring an action pursuant to Title VII. On or about June 28, 2018, FREEMAN filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). On February 4, 2020, EEOC issued FREEMAN a Notice of Right to Sue letter. (See Exhibit A attached hereto). This action was then initiated within ninety days of the Notice of the Right to Sue as required by law.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. FREEMAN is a forty-six (46) year-old Black African American male who currently lives in Sacramento, California.

8. In 2005, he received a Bachelor's Degree in sociology from the California State University, Sacramento.

9. FREEMAN started working for the COUNTY within the DHA in November of 2004 as a Human Service Specialist.

10. FREEMAN has consistently been employed with COUNTY since 2004.

11. FREEMAN consistently receives positive performance evaluations and has never had a formal written negative reprimand. Yet, FREEMAN has never been promoted.

12. FREEMAN'S increases in pay were due to step-year increases that reached a maximum short of COLA, after approximately four years. FREEMAN currently still holds the Human Services Specialist position working for the COUNTY.

13. Throughout his tenure, FREEMAN has applied for numerous promotional positions and has been denied each and every time. Although FREEMAN is qualified for those positions for which he applies, he was erroneously told by management that he lacks the qualifications for those positions and was not afforded the promotion.

14. Prior to filing his EEOC charge, FREEMAN had applied to over three promotion positions and has applied for supervisor positions for the proceeding two years. FREEMAN was told there were no supervisor positions but there were at least five positions available for which FREEMAN was aware and for which he was not considered. The positions FREEMAN applied for were "eligibility supervisor," "social worker," and "human services supervisor".

15. In FREEMAN'S first 13 years of working at DHA, he has diligently applied for available positions.

16. In or about September of 2017, FREEMAN applied for the Human Services Supervisor position that was available in the DHA.

17. Minimum qualifications for this position were two years of fulltime, paid experience in the public or private sector, performing or reviewing public assistance delivery activities such as assessing customer needs, determining eligibility, determining appropriate actions and establishing case plans, monitoring customer progress, maintaining case records, or making referrals to other resources, agencies, or services.

18. The candidate should also have either a Bachelor's Degree or higher from an accredited college or university in social work, sociology, psychology, counseling or other field closely related to the intent of the class, or one year of full-time, paid experience employed by Sacramento County in the class of Eligibility Supervisor.

19. FREEMAN satisfied the minimum requirements for the Human Services Supervisor position as he had 13 years of paid experience performing and reviewing public assistance delivery activities such as assessing customer needs, determining eligibility, determining appropriate actions and establishing case plans, monitoring customer progress, maintain case records, and making referrals to other resources, agencies and services. Plaintiff also has a Bachelor's Degree in Sociology which he had earned in 2005.

20. FREEMAN recalls other qualified Black African American employees similarly situated as he who also applied for this position. FREEMAN is aware that none of the Black African American DHA employees received this promotion. However, FREEMAN recalls, is informed, believes and thereon alleges that a non-Black African American employee received the position who was less tenured and did not have a Bachelor's Degree.

21. This incident was not a single isolated incident. Rather, this was one of several occasions in a thirteen-year span where a non-Black African American DHA employee would be promoted over more tenured and qualified Black African American employees.

22. FREEMAN had also attempted to be promoted to work as a Human Services Social Worker. The most recent application before filing a charge with the EEOC was when he applied for this position in August of 2017.

23. The minimum qualification for this position was either two years of full-time employment as a Human Services Specialist and the completion of twelve (12) semester or eighteen (18) quarter units from an accredited college or university in social work, sociology, psychology, counseling or other field closely related to the intent of position. Or an application could have a bachelor's degree or higher from an accredited college or university with at least 24 semester or 36 quarter units in social work, sociology, psychology, counseling or other field closely related to the intent of the position. FREEMAN clearly met the minimum qualification as he has a Bachelor's Degree in sociology and had twelve (12) years of work experience as a Human Services Specialist at the time of his application.

24. Defendant is informed and believes and thereon allege that this position was given to a non-black employee who has less experience and education then FREEMAN.

**Lack of Opportunity to Gain Valuable Skills and Experience**

25. Furthermore, FREEMAN has witnessed promotions being granted because of nepotism. Hiring managers are mostly White individuals. These same managers and supervisors are seen mainly socializing with other Non-Black African American employees. FREEMAN personally is not a part of these hiring managers' "in-crowd." FREEMAN has consistently witnessed lesser-tenured non-Black African American employees, who find themselves in the hiring managers' "in-crowd," receive "promotable-worthy opportunities" that FREEMAN and other Black African American employees do not receive.

26. Such "promotable-worthy opportunities" include being placed in the position of being the "acting-supervisor" or "team leader" if or when the supervisor is away from his/her duties. FREEMAN sees these "acting-supervisor" and/or "team leader" roles are given to those who are in the manager's "in-crowd". FREEMAN is informed and believes and thereon alleges that his race and ethnicity prevented him from being in the mangers' "in-crowd."

**Inconsistent Qualifications for Different Employees**

27. FREEMAN is informed and believes and thereon allege that multiple individuals who hold the position of Human Services Program Manager do not meet the minimum qualifications posted by DHA. These individuals are all non-Black African American employees. For example, the position requires the individual to have a Bachelor's Degree. FREEMAN is informed and believes and thereon allege that at least six (6) Human Services Program Managers, who are non-Black African American employees, did not have a Bachelor's Degree prior to receiving their position as a Human Services Program Manager.

28. The facts in the previous paragraph are confirmed by a report produced by the County of Sacramento via a public records request that provided that eight (8) out of seventeen (17) active Human Services Program Managers do not have a Bachelor's Degree. Thus, FREEMAN is informed and believes and thereon allege that exceptions to the minimum qualifications have been made for non-Black African American employees without extending those same exceptions to the minimum qualifications to FREEMAN and other Black African American employees.

29. Likewise, FREEMAN was prevented from interviewing for the Human Services Program

Manager position in 2018 when he was disqualified for not having met the minimum qualifications for the position. Although, management denied FREEMAN an opportunity to interview for this position, FREEMAN contends that he was qualified for the position as he had a wealth of experience working for DHA, had the educational backgrounds and had supervisory experience derived from his employment outside of DHA.

**FIRST CAUSE OF ACTION**
**Discrimination Because of Race-Disparate Treatment**
**42 U.S.C. § 2000e-5**
**(Brought by Plaintiff Against All Defendants)**

30. Paragraphs 1 through 22 above are repeated, realleged an incorporated here by this reference.

31. The mentioned acts of the Defendant constitute unlawful discrimination against Plaintiff because of Plaintiff's race.

32. As a direct and proximate result of the practice complained of, Plaintiff endured great mental suffering and sustained injury and damages as more fully set forth below.

**SECOND CAUSE OF ACTION**
**Race-Based Discrimination in Violation of FEHA-Disparate Treatment**
**(California Government Code § 12940, et seq.)**
**(Brought by Plaintiff Against All Defendants)**

33. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

34. In relevant part, California Government Code § 12940(a) provides that it shall be unlawful for an employer to discriminate against an employee in the terms and conditions of his employment because of his race.

35. Plaintiff is a Black African American man and is thus a member of a protected class.

36. FEHA defines "employer" broadly to encompass "any person regularly employing five or more persons, or any person acting as an agent of an employer directly or indirectly." California Government Code § 12826(d). Here, all Defendants were employers as defined by FEHA because they regularly employed five or more persons. Furthermore, due to Defendant COUNTY authority over the DHA, its day-to-day managerial role in the department, its right to hire, fire and discipline the employees, and its control of all terms and conditions of Plaintiff's employment, Defendant COUNTY is Plaintiff's employer, or alternatively a joint employer, which provides

1    employment pursuant to contract. *See Vernon v. State* (20040 116 Cal.App.4th 114, 124.

2    37.     As set forth above, Defendants discriminated against Plaintiff because of his race. Defendants engaged in illegal, intentional discrimination on the basis of race, by failing to provide plaintiff interview opportunities for promotional positions because of his race, failure to hire Plaintiff to promotional positions because of Plaintiff's race and failure to lawfully consider Plaintiff for promotional positions because of his race. Plaintiff has regularly complained to Defendants regarding discrimination, but Defendant allowed the discrimination to continue.

3    38.     As a direct, legal and proximate result of the discrimination, Plaintiff has suffered damages, including emotional distress, lost wages and other economic damages, in an amount to be proved at trial.

4    39.     By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute the action on behalf of himself. Pursuant to California Government Code § 12965(b), as a result of Defendants' discrimination, Plaintiff is entitled to recover damages for economic harm and emotional distress, attorneys' fees, costs, and expert witness fees. Plaintiff is entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

5    40.     Defendants' actions were ratified by managing agents, and were willful, malicious, fraudulent, and oppressive, and were committed with wrongful intent to harm Plaintiff in conscious disregard of their rights. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**Failure to Prevent Race-Based Discrimination in Violation of FEHA**
**(California Government Code § 12940(k))**
**(Brought by Plaintiff Against All Defendants)**

41.     Plaintiff alleges and incorporates by reference the allegation in the preceding paragraphs.

42.     California Government Code § 12940(k) provides that it shall be an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring in the workplace.

43.     Plaintiff is a Black African American man and is a member of a protected class.

44.     FEHA defines "employer" broadly to encompass "any person regularly employing five or

1  more persons, or any person acting as an agent of an employer, directly or indirectly." California
2  Government Code § 12926(d). Here, all Defendants were employers as defined by FEHA because
3  they regularly employed five or more persons. Furthermore, due to Defendant COUNTY's
4  authority of the DHA, its day-to-day managerial role in that department, its rights to hire, fire and
5  discipline the employees, and its control of all terms and conditions of Plaintiff's employment,
6  Defendant COUNTY is Plaintiff's FEHA employer, or alternatively a joint employer, which
7  provides employment pursuant to contract. *See Vernon v. State* (2004) 116 Cal.App.4th 114, 124.

8  45.  Defendants failed to provide Plaintiff with protections required under California
9  Government Code § 12940(k) by not taking immediate and sufficient action to correct the
10 discriminatory and harassing conduct direct at Plaintiff.

11 46.  As a direct, legal and proximate result of the discrimination, Plaintiff has suffered
12 damages, including emotional distress, lost wages and other economic damages, in an amount to
13 be proven at trial.

14 47.  By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to
15 prosecute the action on behalf of himself. Pursuant to California Government Code § 12965(b), as
16 a result of Defendants' discrimination, Plaintiff is entitled to recover damages for economic harm
17 and emotional distress, attorneys' fees, costs, and expert witness fees. Plaintiff is entitled to
18 attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

19 48.  Defendants' actions were ratified by managing agents, and were willful, malicious,
20 fraudulent, and oppressive, and were committed with wrongful intent to harm Plaintiff in
21 conscious disregard of their rights. Plaintiff is therefore entitled to recover punitive damages from
22 Defendants in an amount according to proof at trial.

23 49.  Plaintiff timely exhausted administrative remedies.

24 **PRAYER FOR RELIEF**

25 WHEREFORE, Plaintiff requests judgment and the following specific relief against Defendants:

26    A. All damages which the Plaintiff has sustained as a result of Defendants' conduct,
27       including general damages for pain, suffering, emotional distress, and special damages for
28       lost compensation, including back, front pay and job benefits that they would have

1  received but for the discriminatory practices of Defendants;

2  B. For an award of exemplary and punitive damages in an amount commensurate with
3  Defendants' ability to pay and to deter future conduct;

4  C. A preliminary and permanent injunction against Defendants and its directions, officers,
5  owners, agents, successors, employees and representatives, and any and all persons acting
6  in concert with them, from maintaining a hostile work environment on the basis of race.
7  Such relief at minimum should include implementation of effective policies to prevent and
8  correct race harassment, and implementation of mandatory training regarding harassment
9  for all of Defendants' managerial and non-managerial employees.

10 D. Declaratory relief against Defendants finding their employment policies, practices and/or
11 procedures challenged herein are illegal and in violation of the rights of Plaintiff under
12 California Government Code § 12940 or 42 U.S.C. § 2000e-5(g);

13 E. For an award of reasonable attorneys' fees, expert witness fees, litigation expenses and
14 costs incurred in the filing and prosecution of this action, pursuant to California
15 Government Code § 12965(b) or 42 U.S.C. § 2000e-5(k);

16 F. For pre-judgment and post-judgment interest, as provided by law;

17 G. For such other and further relief, in law or in equity, as this Court may deem proper and
18 just.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on the issue so triable herein.

DATED: March 22, 2021                          LAW OFFICE OF KELLAN PATTERSON


By: _____/s/ Kellan S. Patterson_____,
Kellan Patterson
Attorney for BENNIE FREEMAN

**EXHIBIT A**

BENNIE FREEMAN v. COUNTY OF SACRAMENTO DEPT. OF HUMAN ASSISTANCE; CASE NO: 2:19-cv-02418-KJM-CKD

**EXHIBIT A**



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**CERTIFIED MAIL**
7018 1830 0000 1244 8621

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

February 04, 2020

Mr. Bennie L. Freeman, Jr.
c/o Gaurav B. Kalra, Esquire
Law Offices of Gaurav B. Kalra
1024 Iron Point Road
Suite 100
Folsom, CA 95630

Re: EEOC Charge Against County of Sacramento
     No. 555201800657

Dear Mr. Freeman, Jr.:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
    County of Sacramento