UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE FREEMAN, | No. 2:19-cv-02418-DJC-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE, | |
| Defendant. | |

After interviewing Plaintiff for two positions, Defendant hired other applicants. Plaintiff filed suit, alleging that Defendant racially discriminated against him. Defendant now moves for summary judgment, arguing that it hired other applicants for a legitimate, nondiscriminatory reason.  The Court agrees, holding that there is no genuine dispute of material fact.  Accordingly, for the reasons set forth below, the Court GRANTS Defendant's Motion for Summary Judgment.

## BACKGROUND

The Court need not recount all background facts set forth in its prior order. (*See* May 19, 2020 Order, ECF No. 17.)  Instead, the Court states the facts necessary to reach its decision.  The facts below are undisputed.  (*See* Defendant's Statement of

Undisputed Facts, ECF No. 46-2; Plaintiff's Statement of Undisputed Facts[1], ECF No. 48-4.)

Plaintiff Bennie Freeman is a Black man who has been working for Defendant County of Sacramento Department of Human Assistance since 2004.  (Freeman Decl. ¶¶ 1, 3, ECF No. 48-2.)  In 2017, he applied and was qualified for two jobs—Human Services Supervisor and Human Services Social Worker—for which Defendant was seeking applicants.  (*Id.* ¶¶ 14, 18.)  After interviewing for the positions, he was rejected from both.  (*Id.* ¶¶ 17, 32.)  Defendant instead hired other applicants to fill the positions.  (*Id.* ¶¶ 17, 33.)   Alleging that he was not hired because of racial discrimination, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") and obtained a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC").  (Ferguson Decl. Ex. C, ECF No. 46-3; Second Amended Complaint ("SAC") Ex. A, ECF No. 35.)  In the Second Amended Complaint, Plaintiff brings three claims: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) racial discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); and (3) failure to prevent racial discrimination in violation of FEHA.  (SAC ¶¶ 30–49.)

Defendant now moves for summary judgment in its entirety.  The matter is fully briefed and was submitted without oral argument pursuant to Local Rule 230(g).  (ECF No. 49.)

**LEGAL STANDARD**

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists only if "there is sufficient evidence

---

[1] Plaintiff confusingly captions his document as a "Statement of Disputed Facts."  (*See* Plaintiff's Statement of Undisputed Facts at 1.)  However, it is clear from the document that Plaintiff presents these facts as being based in his proffered evidence, and therefore Plaintiff does not dispute the facts that he presents in his own statement.

favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## DISCUSSION

### I. Racial Discrimination

Plaintiff brings his first and second claims for racial discrimination under Title VII and FEHA, respectively.  These claims are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Surrell v. California Water Service Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (applying *McDonnell Douglas* to Title VII claims); *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000) (applying *McDonnell Douglas* to FEHA claims).  In *McDonnell Douglas*, the Supreme Court held that a plaintiff can establish a prima facie case for racial discrimination by showing: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."  411 U.S. at 802.  Once the plaintiff establishes a prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection."  *Id.*  If the employer does so, the plaintiff "then must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005).  "Where the evidence of pretext is circumstantial, rather than direct, the plaintiff must present specific and substantial facts showing that there is a genuine issue for trial." *Noyes v. Kelly Services*, 488 F.3d 1163, 1170 (9th Cir. 2007) (internal quotations and citation omitted).

Based on the undisputed facts outlined above, Plaintiff has established a prima

facie case of racial discrimination. Plaintiff is a Black man. (Freeman Decl. ¶ 1.) He applied and was qualified for two jobs—Human Services Supervisor and Human Services Social Worker—for which Defendant was seeking applicants. (*Id.* ¶¶ 14, 18.) Despite his qualifications, he was rejected. (*Id.* ¶¶ 17, 32.) Defendant then filled both positions with employees "not of plaintiff's class" (i.e. non-Black employees). (*Id.* ¶¶ 17, 33; *see Dominguez-Curry*, 424 F.3d at 1037.) Defendant only contests Plaintiff's satisfaction of this fourth element, arguing that Plaintiff cannot prove that the positions were filled with employees not of his class. (*See* Mot. at 7, ECF No. 46.) To support this argument, Defendant offers evidence that it has hired Black employees for similar positions. (*Id.* at 7–8.) However, Defendant does not contest that the positions for which Plaintiff applied were filled with employees not of his class. Moreover, the Ninth Circuit held that this evidence is not "necessary" as *McDonnell Douglas* only requires that Defendant continued to consider other applicants after rejecting Plaintiff. *See Lyons v. England*, 307 F.3d 1092, 1116 (9th Cir. 2002). Accordingly, Plaintiff has established a prima facie case of racial discrimination.

      Having set forth a prima facie case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for Plaintiff's rejection. Defendant has done so with respect to both positions for which Plaintiff applied. Another applicant was selected for the Human Services Social Worker position "based on the interview results." (Ferguson Decl. ¶ 17.) For the Human Services Supervisor position, Plaintiff was interviewed by a panel that included Frederick Young, an employee of Defendant. (Young Decl. ¶¶ 3–4, ECF No. 46-5.) The panelists, including Mr. Young, scored each interviewee's answers as unsatisfactory, satisfactory, good, very good, or outstanding. (*See id.* Ex. A.) The answers "were scored based on how prepared the person was, how thoughtful the answer was, whether the answer was thorough, included examples, demonstrated knowledge, experience at handling situations, demonstrated supervisory acumen and the like." (*Id.* ¶ 7.) Mr. Young scored Plaintiff's answers as ranging from unsatisfactory to good, with no answers receiving the mark of

4

1  very good or outstanding. (*Id.* Ex. A.) On the other hand, Mr. Young scored the
2  applicant who filled the position–David Hernandez–as giving predominantly very
3  good or outstanding answers. (*Id.* Ex. B.) For this reason, Mr. Young considered
4  Hernandez the "standout" applicant for the position. (*Id.* ¶ 6.) Hernandez was
5  therefore hired based on how he answered the interview questions. (*Id.* ¶ 7.)
6      Courts in this Circuit have held that selecting a candidate based on interview
7  results is a legitimate, nondiscriminatory reason. *See e.g., Walker v. Potter*, 629 F.
8  Supp. 2d 1148, 1165 (D. Haw. 2009); *Guyton v. Novo Nordisk, Inc.*, 151 F. Supp. 3d
9  1057, 1079-80 (C.D. Cal. 2015); *Peters v. Lieuallen*, 568 F. Supp. 261, 268 (D. Or.
10 1983), *aff'd*, 746 F.2d 1390 (9th Cir. 1984). Indeed, Defendant "has discretion to
11 choose among equally qualified candidates, provided the decision is not based upon
12 unlawful criteria." *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 259 (1981).
13 Notably, a legitimate, nondiscriminatory reason "need not necessarily have been wise
14 or correct." *Guz*, 24 Cal. 4th at 358. Accordingly, Defendant has proffered a
15 legitimate reason for not hiring Plaintiff.
16     Under the *McDonnell Douglas* framework, the burden shifts back to Plaintiff,
17 who "must produce sufficient evidence to raise a genuine issue of material fact as to
18 whether the employer's proffered nondiscriminatory reason is merely a pretext for
19 discrimination." *See Dominguez-Curry*, 424 F.3d at 1037. However, Plaintiff has not
20 presented "specific and substantial facts showing that there is a genuine issue for
21 trial." *See Noyes*, 488 F.3d at 1170. The only relevant evidence Plaintiff offers is that
22 he requested an interview by sending emails to various employees before Defendant
23 decided to interview him for the Human Services Supervisor position. (Freeman Decl.
24 ¶¶ 23-31.) Plaintiff sent some of these emails to an employee, Kristen Apaza, who was
25 not responsible for selecting the interview candidates. (*Id.* ¶ 26.) He sent other emails
26 to an employee, Donna Doyle, who said that he would have to check directly with
27 Human Resources. (*Id.* ¶ 30.) After Plaintiff sent a single email to Mr. Young, a
28 panelist who eventually interviewed him, he received an interview approximately 6

weeks later.  (*See id.* ¶¶ 31–32.)  This evidence does not bring forth "specific and substantial facts" that shows Defendant's proffered explanation was pretext for discrimination.  *See Noyes*, 488 F.3d at 1170.  Rather, it demonstrates that Plaintiff consistently expressed his desire to interview.

Instead of pointing to evidence creating a genuine dispute, Plaintiff focuses his opposition on arguing that Defendant could have provided more evidence, such as the scores that other panelists gave to Plaintiff's and Hernandez's interviews.  (*See* Opp'n at 10, ECF No. 48.)  Plaintiff also questions how a jury could decide that Mr. Young's interview scores weren't "arbitrary." (*Id.*)  But it is Plaintiff who has submitted insufficient evidence that Defendant's proffered explanation—that other applicants performed better in the interviews—was pretext for discrimination.  *See Anderson*, 477 U.S. at 249.  Plaintiff argues that Defendant's proffered explanation is "unworthy of credence," but he does not adequately explain why choosing a candidate who interviewed better is "internally inconsistent or otherwise not believable."  (*See* Opp'n at 10 (quoting *Lyons*, 307 F.3d at 1113).)

While not required, in response to Plaintiff's complaints to the DFEH and EEOC, Defendant prepared a report outlining the demographics of its workforce.  (Ferguson Decl. ¶¶ 3, 7.)  Defendant represented that while individuals identifying as Black or African American comprised 12.2 percent of the County workforce and 10.5 percent of the County population, these individuals made up 16.7 percent of Defendant's employees.  (*Id.* ¶ 18.)  Regarding the positions for which Plaintiff replied, Defendant represented that 24 of the 92 (26 percent) Human Service Supervisors identified as Black or African American, and 41 of the 220 (18.6 percent) Human Service Social Workers identified as such.  (*Id.* ¶ 14.)  This data casts further doubt on Plaintiff's argument that Defendant's nondiscriminatory reason was pretext for racial discrimination.

Accordingly, finding no genuine dispute of material fact, the Court holds that Defendant is entitled to judgment as to Plaintiff's first and second claims.

## II.  Failure to Prevent Racial Discrimination

Plaintiff's final claim is for failure to prevent discrimination in violation of FEHA. To establish this claim, a plaintiff must demonstrate: (1) he was subjected to discrimination, harassment, or retaliation; (2) defendant failed to take all reasonable steps to prevent discrimination, harassment, or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss, or harm.  California Civil Jury Instructions (BAJI) 12.11.  "An actionable claim . . . is dependent on a claim of actual discrimination." *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1021 (2009).

Plaintiff's claim fails because he has not established that he was subjected to discrimination.  Plaintiff's complaint to the DFEH focused entirely on Defendant's decisions not to hire him. (*See* Ferguson Decl. Ex. C.)  In the operative complaint, Plaintiff centers this claim on the alleged discrimination in not being hired.  (*See* SAC ¶¶ 41-49.)  As explained above, Plaintiff has not shown that he was discriminated against by not being chosen for the jobs for which he applied.  He therefore does not have a viable claim of actual discrimination, which means his claim for failure to prevent discrimination necessarily fails.

In opposing the motion for summary judgment, Plaintiff introduces—for the first time—other allegations of discrimination and harassment.  He alleges that an employee hung an altered Mentos poster depicting a racist stereotype, and that management posted on the office's intranet website pictures of Black employees posing with "Wanted" signs. (*See* Freeman Decl. ¶¶ 12-13.)  While Plaintiff was understandably embarrassed, hurt, and angered because of these images (*id*.), the Court cannot consider these allegations because they were not part of Plaintiff's complaint to the DFEH.  "The administrative exhaustion requirement is satisfied if FEHA claims in a judicial complaint are like and reasonably related to those in the DFEH complaint or likely to be uncovered in the course of a DFEH investigation." *Guzman v. NBA Auto., Inc.*, 68 Cal. App. 5th 1109, 1118 (2021) (cleaned up).  As Defendant points out, "alleged offensive posting in the workplace or on the intranet

7

implying discrimination are not remotely related to failure to hire." (*See* Defendant's Reply at 4 n.1, ECF No. 50.)  Plaintiff's new allegations– the altered Mentos poster and the pictures on the office's intranet website–are not "reasonably related to" his complaint of not being hired, nor would they "likely to be uncovered in the course of a DFEH investigation" into Plaintiff's complaint about not being hired.  *See Guzman*, 68 Cal. App. 5th at 1118.  Accordingly, Plaintiff is foreclosed from introducing these allegations in this litigation.

Because Plaintiff does not have an actionable claim for discrimination, the Court holds that Defendant is entitled to judgment as to Plaintiff's third claim.  Accordingly, the Court holds that Defendant is entitled to summary judgment in its entirety.

The Court does not reach Defendant's remaining arguments, including that some allegations in Plaintiff's complaint are time-barred and that some of Plaintiff's evidence is inadmissible, because it concludes that summary judgment is appropriate regardless of the outcomes of those inquiries.  (*See* Mot. at 6; Objections to Plaintiff's Evidence, ECF No. 50-3.)

**CONCLUSION**

For the reasons set forth above, the Court holds that there is no genuine dispute that Defendant rejected Plaintiff's applications for a legitimate, nondiscriminatory reason.  It follows that Defendant is entitled to judgment as to Plaintiff's claim for failure to prevent discrimination.  Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 46).

The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant County of Sacramento Department of Human Assistance and CLOSE this action.

IT IS SO ORDERED.

Dated:  **March 19, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE